# United States District Court
## Southern District of California
Edward J. Schwartz U.S. Courthouse
940 Front Street, Suite 2190
San Diego, California 92101-8909

Chambers of
Larry Alan Burns
United States District Judge

May 14, 2012

Telephone: (619) 557-5874
Facsimile: (619) 702-9936

FILED
MAY 16 2012
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

Randall Cunningham
Reg. No. 94405198
SPC Tucson
Post Office Box 24549
Tucson, AZ 85734

Dear Mr. Cunningham,

I received your May 2, 2012 letter in which you ask me to restore to you the legal right to possess firearms. Unfortunately, I have no authority to do that.

Under the Gun Control Act of 1968, one of the disabilities associated with conviction of an offense punishable by a term exceeding one year in custody is a prohibition against possessing firearms and ammunition. *See* 18 U.S.C. § 922(g)(1). The only offenses not covered by the federal gun ban are those "pertaining to antitrust violations, unfair trade practices, restraints of trade, or other similar offenses relating to the regulation of business practices," 18 U.S.C. § 921(a)(20)(A), and felony convictions from foreign countries. *United States v. Small*, 544 U.S. 385, 387 (2005). The offenses to which you pled guilty do not fit either category of exemption.

You mention in your letter that upon your release from custody, you would like to hunt and compete in trap and sport shooting contests. But there is neither a hunting nor sport shooting exemption to the federal gun ban. In fact, federal law bans convicted felons from possessing any type of firearm, which is broadly defined as "any weapon, including a starter gun, which will or is designed to or may readily be converted to expel a projectile by the action of an explosive." 18 U.S.C. § 921(a)(3). This broad definition obviously subsumes hunting rifles and sport shooting rifles and pistols.

Given these statutory prohibitions, the only avenue left to you is to apply to the Secretary of the Treasury for relief from the federal firearm ban. The Firearms Owners Protection Act authorizes the Secretary to grant relief to persons who establish that they are unlikely to act in a manner dangerous to public safety, and that the granting of relief is not contrary to the public interest. 18 U.S.C. § 925(c). The Secretary has delegated the responsibility of conducting background investigations of those who apply for relief from firearm disabilities to the Bureau of Alcohol, Tobacco and Firearms (ATF). Additionally, Section 925(c) provides that any person whose application for relief is denied by the Secretary may file a petition for judicial review of the decision in the federal district court where he resides.

Randall Cunningham
May 14, 2012
Page Two

You should be aware, however, that every year since 1992, Congress has refused to provide funding to the ATF to review applications from the federal firearm ban. And the United States Supreme Court has ruled that inaction by the ATF does not amount to "denial" of the application within the meaning of section 925(c). *United States v. Bean*, 537 U.S. 71, 75 (2002). So unless Congress changes course and decides to fund ATF's review of applications for relief, it appears you are stuck.

You have asked me finally, and at a minimum, to endorse your request for relief from the federal firearm ban. While I personally do not believe that your possession of hunting rifles or sport shooting rifles and pistols poses a risk to public safety, my endorsement is of no moment at this point given ATF's continuing inability to conduct background checks on persons applying for relief. If that situation ever changes, you may renew your request to me and I will reconsider it.

Very sincerely and respectfully yours,

Larry A. Burns

Larry Alan Burns
United States District Judge

cc: AUSA Philip Halpern w/May 2, 2012 Letter