# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　　Plaintiff,<br>　vs.<br>RANDALL HAROLD CUNNINGHAM,<br><br>　　　　　　　　　　　　Defendant. | CASE NO. 05CR2137-LAB<br><br>**ORDER GRANTING MOTION TO FOR EARLY TERMINATION OF SUPERVISED RELEASE** |

      Former United States Congressman Randy Cunningham has filed a motion asking the court to terminate the remaining two years of his supervised release. Cunningham has completed the 100-month custodial sentence that the court imposed, as well as a term of confinement in a half-way house and in home confinement. He has also served over a year of the three-year term of supervised release that the court originally imposed.

      Mr. Cunningham was also ordered to pay restitution and back taxes in the amount of approximately $1,800,000, and the Internal Revenue Service has been collecting that debt since shortly after he was remanded to custody. The IRS continues to garnish approximately $60,000 a year from Mr. Cunningham's various retirement payments.

      Since his release from custody, Mr. Cunningham has performed extensive volunteer work. The court has received letters from religious and civic leaders and from civic and

///

veterans' organizations supporting Mr. Cunningham, and urging the termination of his supervised release.

The Government opposes Cunningham's motion. As a matter of policy, the Government says it does not support early termination of supervised release unless a person has completed two-thirds of his supervised release term and paid his monetary penalties in full. The court also sought input from Mr. Cunningham's probation officer, Mr. Joel Humphrey. Mr. Humphrey reports that Mr. Cunningham has been very compliant while on supervised release and has been easy to supervise. He verifies Mr. Cunningham's extensive civic and charitable work, and does not oppose his request for early termination of supervised release.

Under 18 U.S.C. § 3583(e)(1), a court is authorized to terminate a term of supervised release and discharge a defendant from the obligation any time after the expiration of one year of supervised release. The factors that must be considered in making the decision include: the nature and circumstances of the offense; the history and characteristics of the offender; the need for deterrence and for protecting the public; the need to provide the offender with educational or vocational training or medical care; the United States Sentencing Guidelines, including pertinent policy statements; the interest in avoiding sentencing disparity between similarly situated offenders; and the need to secure restitution.

This court has thought through and weighed all of these factors. There is no question that Mr. Cunningham's offenses were aggravated, involving serial corrupt acts and deception. And the deception didn't end with his sentencing. Mr. Cunningham subsequently attempted to obstruct justice by submitting a false affidavit in Brent Wilkes' case claiming that Wilkes had not bribed him. Although this court and the court of appeals gave short shrift to the affidavit, Mr. Cunningham perpetuated his dishonest behavior by submitting it.

The court has reconsidered Mr. Cunningham's history, especially his heroic military service. Despite his later misdeeds, Mr. Cunningham well served our nation in the armed

/ / /

forces, and his meritorious legacy can never be taken from him and should not be diminished. The court has also considered, as it should, the extensive civic and charitable volunteer work Mr. Cunningham has performed since his release from custody.

Mr. Cunningham has no history of violence or of illegal behavior, generally, so the court perceives no need to further deter him from wrongdoing or to protect the public from him.

The court is informed that Mr. Cunningham continues to battle prostate cancer. However, as an honorably discharged combat veteran, he is entitled to seek medical care from the Veteran's Administration and doesn't need to rely on the criminal justice system. Nor, because he is a retired person on a pension, is there any need to provide him with educational or vocational training.

In opposing Mr. Cunningham's motion, the Government has not pointed to any Guideline provision or policy statement that precludes early termination, and the court is unaware of any.  The Government simply has a policy and is sticking to it.  It must be acknowledged, however, that the overarching objective of the Guidelines is fair and uniform sentencing. This court routinely grants early termination of supervised release to offenders who paid their debts to society and have righted themselves.  Granting this form of dispensation is consistent with the parsimony clause in 18 U.S.C. § 3553(a), which directs courts, as a general matter, to impose sentences that are "sufficient, but not greater than necessary" to achieve the objectives of sentencing.  The court assumes that this directive applies not just to the length of a sentence, but also to the term of supervised release.

As for the need to secure restitution, the Government's policy of opposing termination if restitution is still owed is undoubtedly based on the legitimate assumption that collecting restitution is easier if the offender remains on supervised release. But that's not necessarily so here because, in addition to his criminal restitution obligation, Mr. Cunningham is on the hook civilly to the IRS. Indeed, the IRS has been collecting on the civil judgment it obtained against Mr. Cunningham – not on this court's criminal restitution order – confiscating about

a third of his net income every month.  The garnishments won't end even if Mr. Cunningham's supervised release is terminated.

As a final consideration, and as an adjunct to the § 3553 formula factors, the court believes that the concept of simple forgiveness should be part of the equation here. Forgiveness is a moral quality and a social good, and is important to a system of restorative justice.  "The quality of mercy is not strained," and there comes a time to forgive.  Mr. Cunningham served a long jail sentence in this case. He spent time in a halfway house, and under house arrest.  And since June 2013, he has been supervised by a United States Probation officer.  Besides these direct consequences that he suffered for his illegal actions, he lost his home, his marriage, and his reputation.  At some point, once justice has been served, the system must take care to avoid erecting roadblocks that might prevent an offender from reintegrating into society and becoming a productive and useful citizen again.

Mr. Cunningham's motion to terminate his supervised release is GRANTED as of July 1, 2014.

**IT IS SO ORDERED**.

DATED:  July 1, 2014

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge